IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 7:04-840-HMH |
| vs. ) | C.A. No. 7:06-925-HMH |
| ) | |
| Jamie Gist, ) | **OPINION AND ORDER** |
| ) | |
| Movant. ) | |

  This matter is before the court on Jamie Gist's ("Gist") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In his motion, Gist alleges that his attorney was constitutionally ineffective for failing to file an appeal as requested and failing to file a motion compelling the government to file a Rule 35 motion for a reduction of Gist's sentence. (§ 2255 Mot. 5.)

  An attorney's failure to file a direct appeal after a request from a client constitutes ineffective assistance of counsel. See United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). When a prisoner alleges that his attorney failed to file an appeal as requested, the court has the authority to vacate the sentence and immediately reimpose and reinstate the movant's judgment of conviction to allow the prisoner to appeal. See id. Therefore, the court hereby vacates Gist's sentence of conviction and immediately reinstates and reimposes Gist's conviction. The remainder of Gist's claims are dismissed without prejudice. See United

States v. Killian, No. 01-7470, 2001 WL 1635590, at *1 (4th Cir. Dec. 20, 2001) (unpublished).[1]

It is therefore

**ORDERED** that Gist's § 2255 motion is granted, his sentence is vacated, and his judgment of conviction is immediately reimposed and reinstated with the date of imposition of judgment being the filing date of this order. It is further

**ORDERED** that the remaining claims raised in Gist's motion are dismissed without prejudice.

**IT IS SO ORDERED.**

                                                s/Henry M. Herlong, Jr.
                                                United States District Judge

Greenville, South Carolina
March 31, 2006

---

[1] The court recognizes that, absent unusual circumstances, the citation of unpublished opinions of the Fourth Circuit is disfavored. See U.S. Ct. App. 4th Cir. Rule 36(c). However, because there is no published opinion in the Fourth Circuit on point, the court believes its reference to the above-mentioned case is relevant and appropriate.

**NOTICE OF RIGHT TO APPEAL REIMPOSED JUDGMENT OF CONVICTION**

The movant is hereby notified that he has **TEN (10)** days from the filing date of this order in which to file a notice of intent to appeal his judgment of conviction, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline will waive the right to appeal.

The notice immediately below relates only to movant's right to appeal this order and should not be confused with the ten-day period in which to file a notice of intent to appeal the judgment of conviction.

**NOTICE OF RIGHT TO APPEAL**

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.